UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Marlow Todd Eggum,<br><br>              Plaintiff,<br><br>      v.<br><br>Whatcom County Sheriff's Office, et al.,<br><br>             Defendants. | CASE NO. C13-2205JLR<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge James P. Donohue (R&R (Dkt. # 9)) and Plaintiff Marlow Eggum's objections thereto (Obj. (Dkt. # 11)). Having carefully reviewed the foregoing, the balance of the record, and the governing law, the court ADOPTS the Report and Recommendation insofar as it dismisses Mr. Eggum's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and MODIFIES the Report and Recommendation only to clarify that Mr.

ORDER- 1

Eggum's complaint is dismissed without prejudice and with leave to amend within 20 days, as discussed below.

## I. BACKGROUND

Mr. Eggum brings this action against numerous defendants, including the Whatcom County Sheriff's Office, three Whatcom County deputy sheriffs, the Whatcom County Prosecuting Attorney's Office, a Whatcom County Prosecuting Attorney, a State of Washington Assistant Attorney General, a divorce attorney, Elizabeth Fasano, and his former wife, Jane Gray. Mr. Eggum alleges that these defendants conspired, over the course of 10 years, to defraud him of certain personal property, including sexually explicit movies, $30,000.00 cash, camera equipment, and a rifle. (*See generally* Compl. (Dkt. # 8).)

Because Mr. Eggum is proceeding *in forma pauperis* under 28 U.S.C. § 1915(a), his complaint is subject to the court's screening under 28 U.S.C. § 1915(e)(2). (*See* Dkt. # 7 (order granting in forma pauperis status).) Under 28 U.S.C. § 1915(e), the district court must dismiss a case "at any time" it determines a complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1). The Magistrate Judge recommended dismissing Mr. Eggum's complaint with prejudice under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. (R&R at 2-3.)

Specifically, the Magistrate Judge found:

> The Supreme Court made clear that where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation

process, so long as the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Washington State provides a post-deprivation remedy for the alleged tortious conduct of city and county employees under RCW 4.96. Plaintiff does not allege any due process inadequacy in the tort remedy provided under RCW 4.96. Thus, plaintiff has not alleged a viable claim for relief under § 1983.

(*Id.*)

Mr. Eggum objected to the Magistrate Judge's Report and Recommendation ("R&R"). (*See* Obj.) Along with his objections, Mr. Eggum also brought a "Motion to Leave (Stay) Complaint in Order to Obtain State's Tort Claim Denial" (*id.*), and filed three letters with the court (Letters (Dkt. ## 10, 13, 14)).

## II.   STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* Because Mr. Williams is proceeding *pro se*, this court must interpret

ORDER- 3

his complaint and objections liberally.  *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

### III.   ANALYSIS

The court has thoroughly examined the record before it and finds the Magistrate Judge's reasoning persuasive in light of that record.  The court independently rejects Mr. Eggum's position for the same reasons as the Magistrate Judge.  Magistrate Judge Donohue rightly rejected Mr. Williams' Fourteenth Amendment claim because Washington State law provides an adequate post-deprivation remedy.  *See* RCW 4.96 (authorizing suit against local governmental entities for tortious conduct).  The Fourteenth Amendment protects individuals against deprivations of property without due process of law.  U.S. Const. amend. XIV, § 1.  If a state actor's harmful conduct is unauthorized and thus could not be anticipated pre-deprivation, then an adequate post-deprivation remedy—such as a state tort claim—will satisfy due process requirements.  *See Hudson*, 468 U.S. at 533 ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."); *Parratt*, 451 U.S. at 535-44 (1981); *Young v. Cal. Dep't of Corrections and Rehabilitation*, --- Fed.Appx. ----, 2014 WL 23777 at *1 (9th Cir. Jan. 2, 2014) (unpublished) ("The district court properly dismissed [plaintiff prisoner's] due process claim against defendant . . . arising from the alleged deprivation of his property . . . because [plaintiff prisoner] had an adequate post deprivation remedy under California law.").  Absent allegations that Washington State's post-deprivation remedy of a state tort

suit is constitutionally inadequate, Mr. Eggum has failed to state a claim for violation of the Fourteenth Amendment.

Nothing in Mr. Eggum's objections convinces the court otherwise.  A state remedy is constitutionally adequate if it has the capability to fully compensate the plaintiff for the property loss he suffered—even if the state remedy does not provide the plaintiff with all of the relief which may be available under Section 1983.  *Parratt*, 451 U.S. 527, 543-44 (finding that a state remedy was adequate even though it did not allow for suits against individual state employees, contained no provisions for punitive damages, and had no right to trial by jury).  Mr. Eggum argues that the state tort process is inadequate because it does not have the ability to reproduce the pornographic movies that he alleges were destroyed.  (Obj. at 1.)  This argument proves too much—this court does not have the ability to reproduce the destroyed movies either.  In either forum, other remedies, such as monetary damages, will have to suffice.  Mr. Eggum also argues that the state tort process is a "wild-goose chase" because the state courts do not "have the authority" to order the remaining movies to be returned to him and because the state is unable to pay the $5.8 million that he claims his movies are worth.  (Obj. at 2.)  The court finds no legal merit in these unsubstantiated allegations; Mr. Eggum has not shown that the state remedy could not fully compensate him for his loss.[1]

Mr. Eggum next argues that the state process is inadequate because the state will be unwilling to pay damages for actions by a non-state actor, namely, the divorce

---

[1] Mr. Eggum admits that the state tort process could provide relief for the other objects (rifle and camera equipment) implicated in his complaint. (Obj. at 3.)

attorney who allegedly stole $30,000.00 in cash from the property entrusted to her for an accounting. (Obj. at 2.) Again, this argument proves too much. In order to state a claim under 42 U.S.C. § 1983, the complaint must allege that some person has deprived the plaintiff of a federal right, and that the offending person was acting under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct is not actionable under § 1983 "no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Accordingly, because he admits that the divorce attorney is not a state actor, Mr. Eggum fails to state a Section 1983 claim against Ms. Fasano.

Finally, Mr. Eggum moves to stay this case while he pursues a remedy in state court, with the intention of resuming this case once it becomes apparent that the state court process is inadequate. (Obj. at 2.) This position fundamentally misapprehends the law. This court does not sit as an appellate court over state court post-deprivation proceedings. Because there is no indication that Washington State's state tort claim process violates Constitutional procedural due process protections, this court's inquiry ends here. *See Hudson*, 468 U.S. at 533. Mr. Eggum is not entitled to maintain his action in this court as a backup in the event he disapproves of the result of his state court remedy.

For these reasons, the court agrees with the Magistrate Judge that Mr. Eggum has failed to state a claim for violation of procedural due process. As a result, the court DISMISSES Mr. Eggum's complaint pursuant to Section 1915 and DENIES Mr. Eggum's motion for a stay.

Interpreting Mr. Eggum's objections liberally, it appears that Mr. Eggum also argues that Defendants' actions constitute an unreasonable seizure of his property in violation of the Fourth Amendment.  *See Bernhardt*, 339 F.3d at 925; (Obj. at 3).  Mr. Eggum's complaint does not bear this allegation out:  the state court transcripts and documents attached to Mr. Eggum's complaint show that the property at issue was either (1) seized pursuant to a valid search warrant or (2) turned over to the police by third parties and later returned to Mr. Eggum or otherwise disposed of by the Whatcom County Sheriff's Office in accordance with a state statute or a court order.  (*See* Compl. Ex. 12 (transcript of state court proceedings September 24, 2007); Ex. 23 (letter from Whatcom County Sheriff's Office to Mr. Eggum indicating that the camera equipment was returned to Mr. Eggum, the rifle was destroyed pursuant to RCW 63.40.010, and the tapes were returned to his ex-wife pursuant to a court order); Ex. 24 (letter from Whatcom County Sheriff's Office to Mr. Eggum); Ex. 25 (letter from Assistant Attorney General instructing Whatcom County Sheriff's Office to allocate the property according to a court order).)

Nonetheless, the court notes that the *Parratt-Hudson* doctrine does not extend to Section 1983 claims for violations of substantive constitutional rights. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  A court must give a pro se plaintiff notice of a complaint's defects and leave to amend, unless it is absolutely clear that amendment could not cure the defects.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Although, in light of the *Parratt-Hudson* doctrine, any attempt to amend his procedural due process claim would be futile, there is a possibility that Mr.

Eggum could amend his complaint to allege a claim for unreasonable seizure under the Fourth Amendment. Accordingly, the court grants Mr. Eggum 20 days to file an amended complaint that satisfies the foregoing pleading standard and corrects the identified deficiencies. If Mr. Eggum fails to timely comply with this order or fails to file an amended complaint that corrects the noted deficiencies and meets the required pleading standards, the court will dismiss his complaint without leave to amend. In future filings, Mr. Eggum is advised to refrain from attempting to blackmail the court. (*See* Obj. at 5, 20 (threatening to sell a sex tape of the "senior [prosecutor's] wife" as retribution for the allegedly missing property).)

## IV.   CONCLUSION

For the foregoing reasons, the court ADOPTS the R&R (Dkt. # 9) insofar as it dismisses Mr. Eggum's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and MODIFIES the R&R only to clarify that Mr. Eggum's complaint is DISMISSED without prejudice and with leave to amend within 20 days, as discussed above. The court DENIES Mr. Eggum's motion to stay the case (Dkt. # 11).

Dated this 24th day of March, 2014.

JAMES L. ROBART
United States District Judge